IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| MARTIN HARO TRETO<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | **ORDER**<br><br>Case No.: 1:07-CV-00056<br>*Related to Case No.*: 1:05-CR-00085<br><br>Judge Dee Benson |

Petitioner Martin Haro Treto moves this Court to vacate his 262[1] month sentence pursuant to 28 U.S.C. § 2255.  On June 16, 2006, Mr. Treto signed a plea agreement in which he waived his rights to direct and collateral appeal of his sentence.  Despite this, Mr. Treto raises a number of grounds he feels are sufficient to overcome this waiver and to warrant him habeas relief.

Mr. Treto complains that he never saw or read the appeal waiver provisions of his plea agreement until after he was sentenced and that "everything happened so fast I was (not) [sic] aware of what I was signing (or) [sic] waiving my constitutional rights to."  Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal custody, Dkt. No. 1 at 9.  Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court accepting a change of plea to specifically inform the defendant of the terms of any appeal waiver contained in the plea agreement and

---

[1] Petitioner indicates in his § 2255 petition that he was sentenced to 235 months' imprisonment, but the sentence actually imposed was 262 months.  Judgment in a Criminal Case, Dkt. No. 61, *see also* Sentencing Minute Entry, Dkt. No. 59.

determine that the defendant understands them.  Failure to do so constitutes error, and, where a defendant fails to object at the time, such omissions are reviewed for plain error.  *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003).

In the instant case, while the Court went over the plea agreement with Mr. Treto in detail, it failed to specifically discuss with Mr. Treto his rights of appeal.  This omission, therefore, must be reviewed under the plain error test to determine if it amounts to reversible error.  For an error to be reversible under the plain error test, there must be (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights.  *Id*.  If a defendant satisfies the first three prongs of the test, a reviewing court has discretion to reverse only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id*.

Mr. Treto's claim founders on the third prong of this test.  A Rule 11(b)(1)(N) error affects a defendant's substantial rights if it is prejudicial; in the context a waiver of appellate rights in a change of plea, "the sine qua non of prejudice is whether the defendant knowingly and voluntarily waived his right to appeal."  *Id*. at 872.  In determining whether such a waiver was made knowingly and voluntarily, the Court looks to the plea agreement itself and the plea colloquy, *id*., both of which demonstrate that Mr. Treto's plea waiver was knowing and voluntary.  Contrary to his recent assertions, when asked at the plea colloquy if he had reviewed his written plea agreement with his lawyer and understood its terms, Mr. Treto responded that he had.  June 16, 2006 Change of Plea Hearing Transcript, 7.  When asked if he had had a sufficient opportunity to discuss his change of plea with his attorney, Mr. Treto responded that he had.  *Id*.  Mr. Treto's attorney then volunteered that he had "gone over this plea agreement with [Mr. Treto] several times, and his rights constitutionally, and what he can and can't do, and what the

ramifications are on several occasions, and I believe he is doing this knowingly and voluntarily."
*Id*. at 10. Mr. Treto did not contradict or question his lawyer's assertion. The plea agreement itself states in clear and unambiguous language that Mr. Treto is giving up his rights to direct and collateral review of his conviction and sentence:

> I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined . . . on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction . . . and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing . . . . I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Statement by Defendant in Advance of Plea of Guilty, ¶ 10, Dkt. No. 47. In signing the statement in advance of plea, Mr. Treto made the representations in the document's signature section, which included assurances that he had discussed the case with his lawyer as much as he wished to, that he was satisfied with his lawyer, and that he fully understood his rights and the consequences of the plea. It is Mr. Treto's burden to show that he did not waive his appeal rights knowingly and voluntarily, and his post-hoc protestations that he did not really understand what he was signing cannot carry this burden, particularly in light of all the assurances of understanding and assent he gave at the time. *See Edgar*, 348 F.3d at 872–73 (defendant "has the burden to present evidence from the record establishing that he did not understand the waiver.").

It is clear from the record that Mr. Treto knowingly and voluntarily waived his right to appeal and collateral review of his sentence. The Courts failure to specifically discuss with Mr.

3

Treto his rights of appeal did not affect Mr. Treto's substantial rights, and did not constitute reversible error. *Id.* at 873.

Despite Mr. Treto's voluntary waiver of his right to appeal, however, the Court must still address all of the claims raised by Mr. Treto in his § 2255 petition. When a § 2255 petition is based upon the ineffectiveness of counsel's "representation in negotiating or entering the plea or the waiver," the earlier waiver of § 2255 rights is not enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Therefore, because Mr. Treto is challenging the effectiveness of his representation when he entered his waiver of appeal, the Court must address all of Mr. Treto's claims.

Mr. Treto's other arguments all appear to turn on his claim that he was not aware that he could be sentenced to such a long prison term. Apart from his waiver argument, all Mr. Treto's complaints stem from his claimed ignorance of the link the United States Sentencing Guidelines forge between drug quantity and base offense level. Mr. Treto's first claim is that his attorney "failed to investigate drug amount," although the attorney claimed the laboratory report was inaccurate, and that Mr. Treto "wasn't aware of sentencing guidelines according to weight of . . . amount of drugs." Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal custody, Dkt. No. 1 at 5. Mr. Treto's second, and seemingly related claim, is that he was never permitted to review the laboratory report and was unaware of the decisive effect the report would have on his sentence. *Id.* at 6. Finally, Mr. Treto maintains that his lawyer failed to request a non-Guidelines sentence and that he was never given a copy of the Guidelines and "was (not) [sic] aware of the time frame I was signing or waive my constitutional right to." *Id.* at 8. Mr.

Treto does not argue that the report stating drug quantity was inaccurate, only that he did not see it and did not understand that the quantity of drugs it reported would lead to a long sentence.

Regardless of whether he perfectly understood the connection between base offense level and drug quantity, there are several factors that suggest Mr. Treto was on notice that he was facing a sentence of significant length.  To begin with, the second paragraph of the plea agreement he signed June 16, 2006 stated that:

> I know that the maximum possible penalty provided by law for Count I of the Superseding Indictment, a violation of Title 21, United States Code, Section 841(a)(1) is a term of imprisonment of up to LIFE, [ a minimum mandatory sentence of TEN (10) years], a fine of four million dollars ($4,000,000), and a term of supervised release of up to five (5) years.

Statement by Defendant in Advance of Plea of Guilty, Dkt. No. 47.  The transcript of his change of plea hearing also makes it abundantly clear that the Court apprised Mr. Treto of the maximum term associated with his statute of conviction before he pleaded guilty:

> The Court:   You're charged in count one of the superseding indictment with . . . possession with intent to distribute . . . methamphetamine . . . That carries a maximum possible penalty of life in prison.  Were you aware of that?
>
> Mr. Treto:   Yes, Your Honor.

June 16, 2006 Change of Plea Hearing Transcript, 6.  Shortly after this exchange, the Court inquired if Mr. Treto understood the document he was about to sign, and Mr. Treto responded that he did.  *Id*. at 7.  The Court also apprised Mr. Treto of the existence of a ten-year mandatory minimum sentence for the crime to which he was pleading guilty.  *Id*. at 11.  The topic of Mr. Treto's likely sentence emerged again in conjunction with the possibility that Mr. Treto might cooperate with the government in the hopes of receiving a sentence below the mandatory minimum:

>The Court: That [a government motion under 5K1.1] sounds to me like the only way you're going to get below this ten year mandatory minimum. Otherwise you may be a ways above that, especially with your two previous convictions. What you have to do is stop dealing drugs. I guess you know that.

*Id.* at 13.

To be sure, the plea agreement and plea colloquy put Mr. Treto on notice that he was facing a lengthy sentence on the basis of a statute rather than the Guidelines. Thus, it is difficult to see how Mr. Treto could have been prejudiced by the fact that he did not understand the Guidelines aspect of his sentence. Additionally, it should be pointed out that Mr. Treto avoided a mandatory life sentence imposed on those with two prior felony drug convictions pursuant to 21 U.S.C. § 841(b)(1)(A) because in exchange for the Defendant's plea and waiver, the government agreed not to file a motion under 21 U.S.C. § 851, a predicate to the imposition of a mandatory minimum life sentence.

Mr. Treto has also requested that the Court appoint an attorney to represent him on what he terms his appeal. Because Mr. Treto was represented by counsel when he sought dismissal of his direct appeal, his request presumably expresses a wish to have counsel appointed to represent him in this habeas petition. There is no absolute right to appointed counsel in § 2255 petitions. *See United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006). Only when an evidentiary hearing is required is a § 2255 petitioner entitled to the appointment of counsel. *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). This is not such a case. It is clear from the record that the Court informed Mr. Treto of the maximum penalty he faced and that Mr. Treto, under oath, stated that he understood the penalty. *United States v. Williams*, 948 F.Supp. 956, 964 (D. Kan. 1996). Any post-hoc assertions by Mr.


Treto that he did not fully understand his plea agreement is insufficient to require an evidentiary hearing. *Id.* (*citing United States v. Shaw*, 89 F.3d 851 (10th Cir. 1996)).

Because he knowingly and voluntarily waived his right to collateral review of his sentence, Mr. Treto's request for collateral review of his sentence is DENIED. It is so ordered.

DATED this 8th day of October, 2007.

Dee Benson
United States District Judge